Sadie Coonan, Appellee, v. James Straka et al., Appellants.

Gen. No. 6,296.    (Not to be reported in full.)

Appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOVER, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed February 10, 1917.

## Statement of the Case.

Action by Sadie Coonan, plaintiff, against James Straka and Josephine Straka, trading as Joliet Steam Dye House, defendants, to recover damages for personal injuries claimed to have been sustained as a result of being struck and thrown down by defendants' automobile when she was crossing a public street in the City of Joliet. From a judgment for plaintiff for nine hundred dollars, defendants appeal.

E. MEERS, for appellants.

GARNSEY, WOOD & LENNON, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 253*—*what is province of jury in determining credibility of.* The jury who see and hear the witnesses are in the best position to properly determine which of the witnesses giving conflicting testimony give the most nearly correct and truthful version of the facts.

2. AUTOMOBILES AND GARAGES, § 3*—*when evidence sufficient to show negligence of operator of automobile in violating ordinance.* The evidence *held* to prove defendants' servants violated a city ordinance requiring automobiles to run on the right-hand side of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

streets and turn around at an intersection of two streets, and that such negligence was the proximate cause of plaintiff's injury, in an action to recover damages for such injury.

3. NEGLIGENCE, § 135*—*what does not constitute variance between pleading and proof.* Where a declaration charged plaintiff was injured on account of a specific act of negligence, and also charged that the act causing the injury was wanton and wilful, *held* that proof of negligence alone furnished sufficient basis for recovery without evidence also of a wanton or wilful act.

4. NEGLIGENCE, § 214*—*when instruction is not misleading.* An instruction expressly limited to the negligence charged in the declaration cannot be considered as having misled the jury in believing it referred to anything else.

5. INSTRUCTIONS, § 151*—*when refusal proper.* Refusal of instructions which were merely repetitions of others already given *held* proper.

6. INSTRUCTIONS, § 88*—*when on determination of preponderance of evidence is erroneous.* An instruction referring to the number of credible "and disinterested" witnesses as a proper element for consideration in determining the preponderance of the evidence, *held* to be erroneous.

7. APPEAL AND ERROR, § 1535*—*when giving of erroneous instruction on preponderance of evidence is harmless error.* Error in giving an erroneous instruction referring to the number of credible and "disinterested" witnesses as a proper element for consideration in determining the preponderance of evidence is cured by the giving of another accurate and correct instruction on the same subject.

8. DAMAGES, § 114*—*when verdict for personal injuries to woman is not excessive.* Where the plaintiff in an action to recover damages for personal injuries had as a result retroversion or retrodisplacement of the womb, incurable except by a major operation, *held* that a verdict for plaintiff for nine hundred dollars was not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.